UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-23156-CIV-O'SULLIVAN
[CONSENT]

ROGER JIMENEZ, and all
others similarly situated under
29 U.S.C. § 216(b)
    Plaintiffs,

v.

SOUTHERN PARKING, INC.
WILLIAM KENT and JOSE
A. CONTRERAS,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the defendants' Bill of Costs (DE# 50, 9/26/08). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the defendants' Bill of Costs (DE# 50, 9/26/08) is **GRANTED in part and DENIED in part** for the reasons set forth below.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The defendants prevailed on their motion for summary judgment and are entitled to an award of all costs recoverable under 28 U.S.C. § 1920. Specific costs which may be awarded are set forth in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;

> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5. Docket fees under section 1923 of this title;
>
> 6. compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.  Generally, "the trial court in the exercise of sound discretion may tax all reasonable expenses incurred by a prevailing party under . . . §1920 and under Rule 54(d)." Principe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982).

The defendants seek the following costs:

| | |
|---|---|
| Court Reporter Fees | $513.89 |
| Printing Fees | $32.25 |
| Interpreter Fees | $190.00 |
| Total: | $736.14 |

Bill of Costs (DE# 50, 9/26/08). The plaintiff challenges only the printing fees because "[the] receipt does not specify what the copies were for or the number of copies." Plaintiff's Response in Opposition to Bill of Costs (DE# 51 at 1, 10/2/08). In their reply, the defendants represent that "[t]hose costs include printing charges (plus pick-up and delivery)" related to the defendants summary judgment motion and opposition to the plaintiff's summary judgment motion:

> Although these documents were of course filed by CM/ECF, hard copies were required to be sent to the client and for the file. Moreover, the papers were copied and assembled in hard copy (including the depositions) and scanned into the computer as exhibits to be filed with the Statement of Material Facts through the CM/ECF system.

Reply Memorandum in Support of Defendants' Bill of Costs (DE# 52 at 1-2, 10/3/08).

The costs of photocopying materials necessarily obtained for use in the case are

taxable under 28 U.S.C. § 1920 (4). See Roberts v. Charter National Life Insurance Company, 112 F.R.D. 411, 414 (S.D. Fla. 1986). Copies obtained only for the convenience of counsel are not ordinarily taxable. Id.; see also Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla.1988). The Court finds that the defendants have not provided the Court with sufficient information to support their photocopy claim as "necessarily obtained for use in the case." The Court concludes that the photocopies were made for the convenience of counsel and her clients. There is no evidence that the defendants provided the photocopies to the plaintiff or the Court. Moreover, it is unclear whether the defendants would be entitled to pick-up and delivery costs. Even if the Court were to conclude that the photocopies were "necessarily obtained for use in the case," there is no way for the Court to determine whether the amount charged was reasonable. The Court takes notice that the defendants' statement of undisputed facts, motion for summary judgment, reply and opposition filings to the plaintiff's motion for summary judgment totaled 181 pages. However, the defendants do not disclose the number of photocopies they made. Thus, the Court cannot determine whether the photocopy rate was reasonable.

Based on the foregoing, the Court concludes that the defendants are entitled to costs in the amount of **$ 703.89** ($736.14 minus $32.25).

DONE AND ORDERED in Chambers at Miami, Florida this **6th** day of October, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record